IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WARREN D. CROZIER, and<br>PAULA M. CROZIER, Parents of<br>Minor Child A.C., | ) ) ) ) | 8:18CV438 |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | MEMORANDUM<br>AND ORDER |
| WESTSIDE COMMUNITY<br>SCHOOLS DISTRICT, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs, Warren D. Crozier, and Paula M. Crozier, Parents of Minor Child A.C., filed this case on September 17, 2018, and have been granted leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiffs' Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

Plaintiffs bring this action on behalf of their minor child, who was enrolled as a student at Westside Middle School in Omaha, Nebraska, during the 2016-2017 school year. Plaintiffs claim Defendants[1] violated their child's First Amendment right to free speech and denied her the equal protection of the laws. Pursuant to 42 U.S.C.

---

[1] Defendants include: (1) Westside Community Schools District; (2) Westside Middle School; (3) Elizabeth Meyers, an English teacher at Westside Middle School, who is sued in her individual and official capacities; (4) Russ Olsen, the school's principal, who is sued in his official capacity only; (5) Enid Schonewise, an assistant superintendent of the school district, who is sued in her official capacity only; and (6) Blane McCann, the school district's superintendent, who is sued in his official capacity only.

§ 1983, they seek to recover compensatory and punitive damages, and also request declaratory and injunctive relief.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

To state a § 1983 cause of action, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must

show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

III. DISCUSSION

Standing is a "jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *Gerlich v. Leath*, 861 F.3d 697, 703 (8th Cir. 2017) (quoting *Hodak v. City of St. Peters*, 535 F.3d 899, 903 (8th Cir. 2008)). Under Article III of the Constitution, a plaintiff must demonstrate three elements to establish standing: "(1) injury in fact, (2) a causal connection between that injury and the challenged conduct, and (3) the likelihood that a favorable decision by the court will redress the alleged injury." *Id.*, at 703-04 (quoting *Young Am. Corp. v. Affiliated Computer Servs. (ACS), Inc.*, 424 F.3d 840, 843 (8th Cir. 2005)). To establish an injury in fact, a party must "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Id.*, at 704 (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982)). An injury is defined under 42 U.S.C. § 1983 as a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Id.*

Plaintiffs allege they have incurred expenses and lost income as a result of their daughter suffering from depression and anxiety related to the alleged violations of her constitutional rights, and have suffered their own emotional distress (Filing 1, pp. 27-28), but these are not constitutional injuries. That is to say, Plaintiffs do not allege that they have been deprived of any constitutional rights; they only claim to have suffered incidental injuries as a result of alleged violations of their daughter's rights. It is well-established that "parents lack standing to bring individual claims under § 1983 based solely upon deprivation of a child's constitutional rights." *Rucker on behalf of Rucker v. Smith*, No. 8:17CV364, 2018 WL 400761, at *2 (D. Neb. Jan. 12, 2018) (quoting *Phillips ex rel. Green v. City of New York*, 453 F. Supp. 2d 690, 734 (S.D.N.Y. 2006)); *see Irwin v. W. Irondequoit Cent. Sch. Dist.*, No. 6:16-CV-06028 EAW, 2017

WL 881850, at *3 (W.D.N.Y. Mar. 2, 2017) (citing cases); *Ellinghaus v. Educ. Testing Serv.*, No. 15-CV-3442 (SJF) (AKT), 2016 WL 8711439, at *4 (E.D.N.Y. Sept. 30, 2016) ("While a parent may sue on behalf of her minor child, she may not assert claims in her individual capacity where her complaint suggests that only her child's rights were violated."); *Nguyen v. Milliken*, No. 15-CV-0587 (MKB), 2016 WL 2962204, at *7 (E.D.N.Y. May 20, 2016) ("A parent 'lacks standing to bring individual claims under § 1983 based upon a deprivation of [a child's] constitutional rights' because 'only the person toward whom the state action was directed, and not those incidentally affected may maintain a § 1983 claim.'") (quoting *Morgan v. City of New York*, 166 F. Supp. 2d 817, 819 (S.D.N.Y. 2001)); *see also Horton v. Bd. of Educ. of the Sherburne-Earlville Cent. Sch. Dist.*, No. 5:15-CV-00782, 2016 WL 2354266, at *2 (N.D.N.Y. May 4, 2016) ("To the extent that a parent asserts a § 1983 claim alleging emotional distress arising from their child's alleged constitutional deprivation, such claims similarly fail '[b]ecause emotional distress does not constitute a violation of a federally protected constitutional right ....'") (quoting *Morgan*, 166 F. Supp. 2d at 819); *Burrow By & Through Burrow v. Postville Cmty. Sch. Dist.*, 929 F. Supp. 1193, 1208 (N.D. Iowa 1996) (holding that parents lack standing to bring individual claims under § 1983 based upon a deprivation of their child's constitutional rights, and that suffering emotional distress does not constitute a violation of a federally guaranteed right). Thus, the court does not have jurisdiction over Plaintiffs' individual claims.

While Plaintiffs may be entitled to bring suit in a representative capacity to redress the alleged violations of their daughter's constitutional rights, *see* Fed. R. Civ. P. 17(c)(1)(A) (authorizing a general guardian to sue on behalf of a minor),[2] they

---

[2] Plaintiffs' minor child does not have the legal capacity to bring suit on her own. *See* Fed. R. Civ. P. 17(b)(1) (capacity of an individual to sue is determined by the law of the individual's domicile); *Carlos H. v. Lindsay M.*, 815 N.W.2d 168 (Neb. 2012) (minors are considered to be under a legal disability and are therefore unable to sue or be sued in their individual capacities); Neb. Rev. Stat. § 25-307 ("[T]he action of an infant shall be commenced, maintained, and prosecuted by his or her

cannot do so by appearing pro se. "[I]t is well established that a pro se party may not represent others, even when it is a parent purporting to represent his minor children." *Behrens v. GMAC Mortg., LLC*, No. 8:13-CV-72, 2013 WL 6118415, at *4 (D. Neb. Nov. 21, 2013) (citing cases), *aff'd* 566 F. App'x 546 (8th Cir. 2014). "While there are some situations in which parents may bring pro se claims on behalf of their children—such as an application for Social Security benefits—no comparable exception has ever been recognized for a lawsuit based on § 1983 or general state tort law." *Stephenson v. Bruno*, No. 4:14CV3097, 2014 WL 5850837, at *4 (D. Neb. Nov. 12, 2014) (quoting *Nunley v. Erdmann*, No. C14-4016-MWB, 2014 WL 5020253, at *4 (N.D.Iowa Oct. 8, 2014) (internal quotation marks and citation omitted)). As further explained in *McNeil v. City of Omaha*, No. 8:07CV143, 2008 WL 312715, at *3 (D. Neb. Jan. 30, 2008) (quoting *Wolfe v. Johanns*, No. 8:00CV609, 2002 WL 475172, at *1-2 (D.Neb. Mar. 29, 2002)):

> [R]epresentative parties may not appear pro se on behalf of other litigants. In particular, a non-attorney parent may not appear pro se on behalf of a minor child. *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59 (2d Cir.1990). *Accord Devine v. Indian River County School Bd.*, 121 F.3d 576 (11th Cir.1997), [*overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007)]. *Johns v. County of San Diego*, 114 F.3d 874 (9th Cir.1997); *OseiAfriyie v. Medical College of Pa.*, 937 F.2d 876 (3d Cir.1991). [ ] Courts have a duty to enforce this rule sua sponte, as it is designed to protect the legal interests of children. [ ] *Wenger v. Canastota Cent. School Dist.*, 146 F.3d 123, 125 (2d Cir.1998), [*overruled on other grounds by Winkelman*]..... [The non-attorney-parent plaintiff] may represent himself by virtue of 28 U.S.C. § 1654. However, he may not maintain a pro se action on behalf of [his minor child].

*See also Akins v. Schreiner*, No. 4:14CV3081, 2014 WL 3510107, at *2 (D. Neb. July 14, 2014) (holding on initial review of pro se complaint that plaintiff could not sue on behalf of his minor son); *Barfield v. Sheriff of Lancaster Cty.*, No. 8:09CV121, 2009 WL 1507665, at *1 (D. Neb. May 27, 2009) (holding that non-lawyer parent had no right to represent minor child and dismissing pro se complaint for lack of standing);

---

guardian or next friend.").

*Buckley v. Dowdle*, No. 08-1005, 2009 WL 750122, at *1 (8th Cir. Mar. 24, 2009) (affirming dismissal of pro se complaint filed on behalf of plaintiff's minor daughter).

Because Plaintiffs do not claim that Defendants violated their constitutional rights, and because they cannot bring an action on behalf of their minor child without utilizing the services of an attorney, this action will be dismissed without prejudice. *See, e.g., Bower v. Springfield R-12 Sch. Dist.*, 263 F. App'x 542 (8th Cir. 2008) (holding that district court did not abuse its discretion in denying plaintiff's motion for appointed counsel and thus did not err in dismissing claims of plaintiff's minor children, as plaintiff was unable to represent them pro se; but also holding that the claims should have been dismissed without prejudice). Plaintiffs have not filed a motion for appointment of counsel, and the court finds no reason to appoint counsel on its own motion based on Plaintiffs' filings to date.

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel," *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), but "[t]he court *may request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis supplied). However, such appointments are rare. *See Peterson v. Nadler*, 452 F.2d 754, 757 (8th Cir. 1971), *abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa,* 490 U.S. 296 (1989). "In ruling upon a motion for appointment of counsel, the district court may consider the merits of the claim, the plaintiff's efforts to obtain counsel, and the plaintiff's financial ability to retain an attorney." *Hale v. N. Little Rock Hous. Auth.*, 720 F.2d 996, 998 (8th Cir. 1983). Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Davis*, 94 F.3d at 447.

Although Plaintiffs have demonstrated their lack of financial resources in being permitted to proceed in forma pauperis, this is not necessarily an obstacle to obtaining

legal representation in a case such as this, which, if deemed meritorious, may be accepted by a lawyer on a contingent-fee basis (*i.e.*, the amount of the attorney's fee depends on the amount of damages awarded, if any). Reasonable attorney's fees are also recoverable by plaintiff in a successful § 1983 action. *See* 42 U.S.C. § 1988(b).

In the event Plaintiffs re-file this action without an attorney representing them, they will need to include in their complaint (or file as a separate motion) a request for appointment of counsel and explain what efforts they made to obtain counsel on their own. Plaintiffs should understand, however, that the court has made no determination regarding the merits of their daughter's § 1983 claims, and that a re-filed action will not necessarily be permitted to proceed.

## IV. CONCLUSION

Plaintiffs lack standing to bring individual § 1983 claims that only derive from alleged violations of their minor child's constitutional rights, and, as pro se litigants, they are not permitted to sue as the child's representatives.

IT IS THEREFORE ORDERED:

1. Plaintiffs' complaint is dismissed without prejudice.

2. Judgment will be entered by separate document.

DATED this 25th day of October, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge